IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENNIS EUGENE MAXWELL                                                              PLAINTIFF

v.                                    Civil No. 4:19-cv-4008

LIEUTENANT KAREN GHOURMLEY,
Nevada County Detention Center ("NCDC");
OFFICER DREW RATHER, NCDC; and
DEPUTY HUGHES, Administrator, NCDC                                                DEFENDANTS

## ORDER

Before the Court is Plaintiff Dennis Eugene Maxwell's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on January 28, 2019. (ECF No. 1). Plaintiff applied to proceed *in forma pauperis* ("IFP") but failed to have the certification regarding inmate funds held in his name completed. On January 28, 2019, the Court entered an order directing Plaintiff to complete a new IFP application by February 19, 2019. (ECF No. 3). The order informed Plaintiff that failure to either return the completed IFP application or pay the $400 filing fee by February 19, 2019 would result in summary dismissal of the complaint for failure to obey an order of the Court. The order was mailed to Plaintiff's address of record: Nevada County Jail, 215 West 3rd Street, Prescott, AR 71857. To date, the order has not been returned to the Court as undeliverable and Plaintiff has neither submitted a completed IFP application nor paid the filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to comply with the Court's January 28, 2019 order directing him to either return a completed IFP application or pay the $400 filing fee by February 19, 2019. Therefore, the Court finds that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2). Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge